Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 FEB 28 AM 8: 51

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

## SMALL CLAIMS DIVISION

| | |
|---|---|
| BENNY JOSHUA PARR, | ) |
| | ) **SMALL CLAIMS CASE NO. SD0964-12** |
| Plaintiff, | ) |
| | ) |
| | ) **DECISION AND ORDER** |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| CALLEN C. REYES | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

The matter before the Court came on Plaintiff Benny Joshua Parr's claim for refund of Ten Thousand Dollars ($10,000.00) paid for the purchase of a vehicle repossessed by Defendant, Callen C. Reyes. On January 11, 2013, a trial in this matter was held before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. The parties appeared *pro se*. Having reviewed the evidence presented and the applicable law, the Court now issues its Decision and Order.

## BACKGROUND

On or about February 27, 2009, Defendant's son purchased a used 2006 Toyota Corolla automobile VIN#JTDBR32E760064294 from Atkins Kroll, Inc. Defendant's son financed the purchase of the car with the First Hawaiian Bank ("FHB"). Under the terms of the loan agreement with FHB, Defendant's son was to pay One Hundred Forty Five Dollars bi-weekly to FHB.

Page 1

Under a limited power of attorney executed by Defendant's son to Defendant dated November 9, 2009, Defendant entered into a Bill of Sale/Vehicle Lease to Own Agreement (hereinafter as the "Contract of Sale") with Plaintiff on November 30, 2009 for the sale of the subject vehicle. Both parties agreed that in addition to the execution of the Contract of Sale, Plaintiff was to provide Defendant with a down payment of One Thousand Five Hundred Dollars ($1,500.00), which both parties acknowledge was paid. Under the terms of the Contract of Sale, Plaintiff agreed to make direct payments on the loan with FHB until the total amount of Ten Thousand Nine Hundred Five Dollars and Fourteen Cents ($10,905.14) has been reached. The Contract of Sale does also provide that in the event of a default, Defendant may exercise his right to a) Demand Full Payment on the balance of the Agreement amount, b) repossess the vehicle, c) pursue legal action against Plaintiff if Defendant is unable to collect on the full balance amount from Plaintiff at the time of default and d) Include all court fees and attorneys fees applicable should legal action become necessary.

As per the Contract of Sale, Plaintiff commenced making payment to FHB via payroll deduction from his place of employment until on about June 2012. Plaintiff terminated the payroll deduction in June 2012 claiming that he had fulfilled the terms of his agreement with Defendant paying more than the Ten Thousand Nine Hundred Five Dollars and Fourteen Cents ($10,905.14) required under the Contract of Sale. Defendant on the other hand claimed that what was owed was a total of the $1,500 down payment plus $10,905.14, a balance of an additional $1,500.00 which would pay off the remaining amount of the FHB Loan. As a result of this dispute in the interpretation of the Contract of Sale, Defendant proceeded to repossess the vehicle. Since the date of repossession, Defendant has made payments still owed to FHB and retains possession of the subject vehicle.

Plaintiff filed suit to recover the amounts paid for the vehicle repossessed by Defendant and Defendant claims he is entitled to possession of the vehicle with nothing else due to Defendant.

# DISCUSSION

From the onset, the Court believes that Plaintiff's interpretation of the Contract of sale was a reasonable, albeit an erroneous one: that only a total of $10,905.14, which included the initial $1,500.00 down payment was due and owing. The Contract of Sale was poorly drafted and never at all referenced the initial $1,500.00 down payment. On the other hand, Defendant's claim that an additional $10,905.14 was due after the down payment of $1,500.00 is the more reasonable interpretation of the agreement reached by the parties. In the first instance the Contract of Sale was executed after the initial down payment was made. The Contract of Sale would have or should have referenced a balance of Nine Thousand Four Hundred Five Dollars and Fourteen Cents ($9,405.14) if this amount were intended to be due from Plaintiff after the payment of the down payment. Secondly, it is unreasonable to believe that Defendant intended that a balance remain on the FHB loan if the amounts claimed by Plaintiff were the amounts initially agreed to by the parties. Consequently, this Court finds that the total purchase price to be paid by Plaintiff under the Contract of Sale was Twelve Thousand Four Hundred Five Dollars and Fourteen Cents ($12,405.14) and as of June 2012, a balance of $1,500 remained due from Plaintiff.

Defendant now claims that under the terms of the Contract, since he was entitled to repossess the vehicle, he may just keep the vehicle with no other duties and obligations owed to Plaintiff. Defendant expects a windfall as a result of Plaintiff's misinterpretation of the Contract of Sale. Despite the fact that Plaintiff only owed $1,500 to Defendant, Defendant now expects to keep a car worth much more than the amount owed.[1] Under a typical case involving repossession of a vehicle, the party repossessing the vehicle is required to put the subject vehicle for sale with the proceeds used to first pay off any outstanding amounts owed to the repossessing entity and the balance delivered to the purchaser of the vehicle. In this instance, Defendant simply expects to keep the subject vehicle. This the court will not allow.

---

[1] A current Kelley Blue Book Value for the Vehicle ranges from $6000 to $7500 depending on the condition of the vehicle.

## CONCLUSION

Based upon the foregoing, it is hereby ordered that Plaintiff pay to Defendant, the balance due to FHB as of June 2012, including any late fees and additional interest charged by FHB as a result of the delay in any payments due to FHB. Within two (2) weeks of the date of this Decision and Order, Defendant is hereby ordered to provide Plaintiff with FHB bank records dating June 2012 to the present concerning the vehicle loan. After payment of all the amounts due, Defendant shall immediately deliver said vehicle and title to said vehicle to Plaintiff. Costs of suit is also awarded to Defendant.

**SO ORDERED this** _____ **day of** FEB 2 6 2013 _____ , 2013.

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I do hereby certify that the foregoing is a
full true and correct copy of the ORIGINAL
on file in the Office of the Clerk of
Court, Superior Court of Guam.

DATE: FEB 2 8 2013

JEREMIE K.J. DUENAS
DEPUTY CLERK, Superior Court of Guam

Page 4